IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONNA GREENLEY,

           Plaintiff,

vs.                                       Case No. 15-4923-SAC

LISA A. JONES,

           Defendant.

MEMORANDUM AND ORDER

The plaintiff Donna Greenley *pro se* filed this action on allegations that the defendant Lisa A. Jones in having an affair with Greenley's husband committed tortious interference with Greenley's marriage. (Dk. 1, p. 3). The plaintiff's complaint asserts jurisdiction exists here based on "violation of the civil or equal rights, privileges, or immunities accorded to citizens of, or persons within the jurisdiction of, the United States (28 U.S.C. § 1343)" and based on "BEECH (sic) of Contract-tortious tinterference (sic) with a marriage." (Dk. 1, p. 3). On November 30, 2015, the defendant Jones filed her motion to dismiss this action in that it fails to allege facts supporting federal subject matter jurisdiction and stating a claim for relief that would not be barred by K.S.A. 23-2608. (Dk. 4).

When the plaintiff failed to file a response opposing this motion within the 21-day period required under D. Kan. Rule 6.1(d)(2), the court entered an order giving the plaintiff until January 15, 2016, to show cause in

writing why the defendant's motion should not be considered and decided as uncontested pursuant to D. Kan. Rule 7.4(b). (Dk. 9). Two documents apparently prepared and signed by the plaintiff have been delivered to the court, and both of them have been filed and docketed as responses. (Dks. 10 and 11). Neither document, however, addresses any reasons for why the plaintiff did not file a timely response to the defendant's motion to dismiss. More importantly, neither document responds to the substance of the defendant's challenge to the subject matter jurisdiction of this case. Because the responses utterly fail to show cause for not complying with D. Kan. Rule 6.1(d)(2) and are devoid of any substantive points opposing the defendant's motion to dismiss, the court shall consider and decide the motion as uncontested.

As D. Kan. Rule 7.4(b) warns, the court will grant without further notice the defendant's motion to dismiss for lack of subject matter jurisdiction. On its face, the plaintiff's complaint fails to allege any cognizable ground for subject matter jurisdiction. There are no facts alleged to support diversity jurisdiction under 28 U.S.C. § 1332 or to establish an actionable civil action pursuant to 28 U.S.C. § 1343. For these reasons, the court grants the defendant's motion to dismiss for lack of subject matter jurisdiction.

IT IS THEREFORE ORDERED that the defendant Jones' motion to dismiss (Dk. 4) for lack of subject matter jurisdiction is granted.

Dated this 20th day of January, 2016, Topeka, Kansas.

        s/Sam A. Crow
        Sam A. Crow, U.S. District Senior Judge