IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONNA GREENLEY,

           Plaintiff,

vs.                                                                 Case No. 15-4923-SAC

LISA A. JONES,

           Defendant.

MEMORANDUM AND ORDER

The plaintiff Donna Greenley *pro se* brought this action alleging the defendant Lisa A. Jones in having an affair with Greenley's husband committed tortious interference with Greenley's marriage. (Dk. 1, p. 3). The defendant Jones moved to dismiss arguing in part that the complaint did not allege facts establishing federal subject matter jurisdiction. (Dk. 4). Receiving no timely response from the plaintiff, the court ordered her to show cause why the defendant's motion should not be decided as uncontested. (Dk. 9). The court received and filed two documents apparently prepared by the plaintiff and intended to be her responses. (Dks. 10 and 11). Because the plaintiff's filings did not provide any reason for her not filing a timely response to the defendant's motion and offered no arguments or allegations in support of subject matter jurisdiction, the court granted the defendant's motion as uncontested. (Dk. 14). In dismissing the action for lack of subject matter jurisdiction, the court pointed out, "[t]here are no

facts alleged to support diversity jurisdiction under 28 U.S.C. § 1332 or to establish an actionable civil action pursuant to 28 U.S.C. § 1343." (Dk. 14, p. 2).

The plaintiff now has filed a document explaining that she did not know of her burden of proving jurisdiction and had presumed jurisdiction based on the clerk filing her complaint and on the original amount of her claim. While not addressing her lack of a timely response to the defendant's motion, the plaintiff denies any untimeliness in responding to court's show cause order. The plaintiff "feel[s] the court should have not allowed" her to file this case and pay the filing fee if there was no jurisdiction. (Dk. 16, p. 1). Due to her financial hardship, the plaintiff asks the court not to impose any obligation on her to pay the defendant's attorney fees.

The court understands the plaintiff's filing to request the court's reconsideration of its prior order dismissing the case for lack of subject matter jurisdiction. "'Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Devon Energy Production Co., L.P. v. Mosaic Potash Carlsband, Inc.*, 693 F.3d 1195, 1212 (10th Cir. 2012)(quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Nothing argued in the plaintiff's filing qualifies as one of the limited grounds for seeking reconsideration. The court, therefore, summarily denies the motion.

2

The court briefly responds to the plaintiff's points. The complaint form used by the plaintiff required her to allege affirmatively the grounds for this court's subject matter jurisdiction. She marked diversity jurisdiction, but alleged that she and the defendant were both residents of Kansas which defeats diversity jurisdiction. She also checked subject matter jurisdiction for a civil rights claim and for a state claim of tortious interference with a marriage. The complaint is devoid of any facts or circumstances indicative of a civil rights claim, and this court does not have subject matter jurisdiction over a state tort claim. The defendant's motion to dismiss further spelled out the plaintiff's burden in alleging subject matter jurisdiction. Instead of addressing any of the jurisdictional deficiencies with her action, the plaintiff continued to file matters unrelated to the defendant's pending motion and the court's show cause order. In accepting the plaintiff's complaint and filing fee, the clerk of the court did not and does not make any representation about jurisdiction existing in this case. The clerk's act of processing the filing cannot be equated with any representation on the merits or substance of what is found in the filing.

The court's decision is final on the sole issue of subject matter jurisdiction existing in federal court. The judgment entered in this case allowed costs to the defendant as the prevailing party pursuant to the terms of Fed. R. Civ. P. 54(d)(1). The court's decision did not address or award any claim of attorney's fees, nor did the judgment.

IT IS THEREFORE ORDERED that the plaintiff Greenley's motion to reconsider (Dk. 16) is denied.

Dated this 29th day of January, 2016, Topeka, Kansas.

<u>s/ Sam A. Crow</u>
Sam A. Crow, U.S. District Senior Judge